IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Case No.: 07-cr-40042-JPG |
| ) | |
| **ERICH KARL UMGELDER**, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

**GILBERT, Judge**

This matter comes before the Court on the motion of defendant Erich Karl Umgelder to suppress any statements made by him, the taking of his computer from him, and anything which was recovered from his computer (Doc. 20). The government has responded to the motion (Doc. 21) arguing that the motion is too vague and conclusory to warrant relief or a hearing because it alleges no facts and contains no supporting law.

A defendant who seeks to suppress evidence bears the burden of making a *prima facie* showing of illegality. *United States v. Randle*, 966 F.2d 1209, 1212 (7th Cir. 1992). The Court need not schedule a hearing on the basis of a motion which fails to allege a *prima facie* showing of illegality and which relies, at best, on vague, conclusory allegations. *Id.* at 1212; *United States v. Rollins*, 862 F.2d 1282, 1291 (7th Cir. 1988). A defendant must present "definite, specific, detailed, and nonconjectural" facts that justify relief before a district court will even grant a suppression hearing. *Randle*, 966 F.2d at 1212; *United States v. Villegas*, 388 F.3d 317, 324 (7th Cir. 2004); *see United States v. Felix-Felix*, 275 F.3d 627, 633 (7th Cir. 2001) (defendant's "burden to establish the necessity of a hearing by demonstrating that there was a disputed material issue of fact justifying relief").

The defendant in this case has not made the necessary *prima facie* showing of entitlement to relief. Instead, he offers to provide relevant legal authority *after* a hearing develops the facts. He has the cart before the horse. He must first allege facts that warrant the relief he seeks and that, if contested by the government, warrant a hearing. Only then will the Court schedule a hearing or consider awarding relief.

For this reason, the Court **DENIES** the motion to suppress **without prejudice** and **ORDERS** that Umgelder shall have up to and including July 11, 2007, to file a sufficiently specific motion to suppress containing factual allegations and legal authority.

Pursuant to 18 U.S.C. § 3161(h)(1)(F), the Court finds the period that the defendant's motion to suppress was pending, from June 20, 2007, up to and including today, and the additional period the Court is allowing for the filing of a motion to suppress, from today up to and including July 11, 2007, are **EXCLUDABLE** under the Speedy Trial Act.

**IT IS SO ORDERED.**
**Date:  June 27, 2007**

s/ J. Phil Gilbert
**J. PHIL GILBERT, Judge**
